

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
01/08/2008

|  |  |  |
|---|---|---|
| IN RE | ) |  |
| JENETTE DIEM LEE, | ) | CASE NO. 06-36038-H3-7 |
| Debtor, | ) |  |
| MD LAM, INC., | ) |  |
| Plaintiff, | ) |  |
| v. | ) | ADV. NO. 07-3020 |
| JENETTE DIEM LEE, | ) |  |
| Defendant. | ) |  |

MEMORANDUM OPINION

The court has considered "MD Lam, Inc.'s Motion for Reconsideration of Motion for Summary Judgment/Second Motion for Summary Judgment" (Docket No. 39, Case No. 06-36038-H3-7).[1]  The court grants Defendant's "Motion for Leave to File a Late Response to the Plaintiff's Motion for Summary Judgment" (Docket No. 24, Adversary No. 07-3020), and has considered the summary judgment evidence and argument presented therein.  The following are the Findings of Fact and Conclusions of Law of the Court.  A separate Summary Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are

---

[1] The motion was incorrectly docketed in Case No. 06-36038-H3-7, rather than in Adversary Proceeding No. 07-3020.  However, because the parties fully addressed the issues in Adversary No. 07-3020, the court is considering the instant motion as if it had been filed in Adversary No. 07-3020.

adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Jenette Diem Lee ("Debtor" or "Defendant") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 6, 2006.

On August 24, 2006, the 151st Judicial District Court of Harris County, Texas, entered judgment for Plaintiff, against Defendant and six other persons.  The state court awarded Plaintiff compensatory damages of $218,375.78, plus $102,000.00 in attorney fees, jointly and severally against Debtor and the six other defendants.  The state court additionally awarded Plaintiff $100,000 in exemplary damages against Debtor.  (Plaintiff's Exhibit 1).

The state court jury found that each of the seven defendants committed fraud against plaintiff, and that the harm to plaintiff resulted from the fraud of each defendant.  The jury found that the loss suffered by plaintiff as a result of the fraud was $169,000.00.  The remainder of the $218,375.78 is prejudgment interest.   (Plaintiff's Exhibit 2).

Defendant filed a motion for new trial in the state court on September 6, 2006.

Plaintiff filed its first motion for summary judgment on July 24, 2007.  This court denied the motion, without prejudice to the seeking of relief from the automatic stay.

(Docket No. 17, Adv. No. 07-3020).

Plaintiff filed a motion for relief from stay.  This court entered an order granting relief from stay on October 26, 2007 (Docket No. 35, Case No. 06-30638-H3-7).

Defendant filed a notice of appeal of the state court judgment on December 5, 2007.

## Conclusions of Law

When giving preclusive effect to a state court judgment, the court must apply the issue preclusion rules of that state.  <u>Miller v. J.D. Abrams Inc. (In re Miller)</u>, 156 F.3d 598 (5th Cir. 1998).

Under Texas law, to assert issue preclusion (collateral estoppel), a party must establish that "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action" or "the party against whom the doctrine is asserted was a party or in privity with a party in the first action."  <u>Sysco Food Servs., Inc. v. Trapnell</u>, 890 S.W.2d 796 (Tex. 1994).

In the instant case, there is no dispute as to the identity of the parties or the dispute.  The only dispute goes to the questions of whether the state court judgment is final, and whether summary judgment is proper in the absence of a final state court judgment.

Under Texas law, a motion for new trial is overruled by operation of law if it is not granted prior to 75 days after the date the judgment is signed. Tex. R. Civ. P. 329b(c). The trial court retains a plenary power to modify or vacate the judgment for 30 days after a motion for new trial is overruled by operation of law. Tex. R. Civ. P. 329b(e). If a timely motion for new trial is filed, a notice of appeal must be filed within 90 days after the date the judgment is signed. Tex. R. App. P. 26.1.

If applicable law fixes a period for commencing or continuing a civil action in a court other than the bankruptcy court, such period does not expire until the later of the end of such period, including any suspension occurring after the commencement of the case, or 30 days after notice of the termination of the stay under Section 362. 11 U.S.C. § 108(c).

In the underlying state court case, the court signed the judgment on August 24, 2006. The petition in the instant case was filed 74 days later. The deadline to file a notice of appeal expired, but was extended by Section 108(c) of the Bankruptcy Code to November 25, 2007, 30 days after the date on which the stay was lifted.[2]

---

[2]The court notes, however, that the state court may consider a motion for extension of time, the filing of which is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Tex. R. App. P. 26.1, but within the 15-day grace period provided by Tex. R. App. P. 26.3 See Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997).

However, whether or not the appeal was timely filed does not fully resolve the question of whether summary judgment may be granted on collateral estoppel grounds. In <u>Recoveredge, L.P. v. Pentecost</u>, 44 F.3d 1284 (5th Cir. 1995), the court held that "a final judgment is not a prerequisite for issue preclusion when a jury has rendered a conclusive verdict."

In the underlying state court case, the jury rendered a conclusive verdict as to the amount of Plaintiff's damages, and the causation through Defendant's fraud. The court concludes that the jury verdict collaterally estops the litigation of the question of whether the debt is dischargeable in the instant case.

Based on the foregoing, a separate Summary Judgment will be entered.

Signed at Houston, Texas on January 8, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE